# KATZ, MARSHALL & BANKS, LLP

<u>By Federal Express</u>
October 25, 2007

Honorable Jeffrey S. White
United States District Court
450 Golden Gate Ave., 17th Floor
San Francisco, CA 94102

     Re: <u>Roylene Ray, et al., v. BlueHippo Funding, LLC</u>, Case No. 3:06-cv-01807-JSW

Dear Judge White:

     The parties submit this joint letter brief pursuant to the Court's order of October 10, 2007. In that Order, the Court ruled that "outstanding discovery requests that bear on issues relating to the proper venue of this matter ... are not stayed," and invited the parties to submit a letter brief regarding any disagreement as to whether particular discovery requests relate to venue and thus were not stayed. The parties present their respective arguments below as to whether the certain requests are stayed. The undersigned further certify that we have conferred by telephone, as well as through correspondence, prior to bringing this issue to the Court's attention.

## PLAINTIFFS' POSITION

     Plaintiffs seek an order directing BlueHippo to produce documents relating to the proper venue of this matter. Plaintiffs also request that the Court rule on the parties' disagreement as to whether outstanding discovery requests that plaintiffs have served on two third-party California companies – Gateway, Inc., and Alliance Payment Technologies – bear on the issue of venue and thus are not stayed by the Court's October 10 order.

     At the time the Court issued the October 10 order, the discovery outstanding consisted of plaintiffs' document requests to BlueHippo and subpoenas to eight third parties. After counsel for plaintiffs and BlueHippo conferred by telephone on October 15, 2007, only the following discovery requests remained outstanding and disputed: Plaintiffs' First Request for Production of Documents to BlueHippo Funding, LLC (copy attached as Exhibit 1), as narrowed by an Email from David J. Marshall to Ramiz Rafeedie (Oct. 14, 2007) (copy attached as Exhibit 2); Document Requests to Gateway, Inc. (Oct. 2, 2007) (attached hereto as Exhibit 3), as narrowed by a Letter from David J. Marshall to Michael R. Tyler (Oct. 12, 2007) (copy attached as Exhibit 4); and Document Request to Alliance Payment Technologies (Oct. 2, 2007) (attached hereto as Exhibit 5), as narrowed by a Letter from David J. Marshall to Jodi Krieger (Oct. 12, 2007) (copy attached hereto as Exhibit 6).

     Each of these requests directed at BlueHippo (*see* Ex. 2 at 2) bears on issues related to the proper venue of this matter. The nature and extent of Gateway's and Capital Media's relationships with BlueHippo support plaintiffs' assertion that these companies are proper parties in this action for having aided and abetted BlueHippo's unlawful actions. Even if these companies are not joined as defendants, the requested information will not only demonstrate BlueHippo's extensive contacts with California, but will also reveal that much of the evidence of BlueHippo's business practices in California is not located in Maryland as the company claims. The same can be said of the information plaintiffs have requested regarding Alliance Payment Technologies, a California company that served as BlueHippo's payment

**Katz, Marshall & Banks,** LLP

Honorable Jeffrey S. White
October 24, 2007
Page 2

processor, and which possesses the best evidence available of BlueHippo's taking of moneys from the bank accounts of plaintiffs and class members, which is the act that gives rise to their claims against BlueHippo.

BlueHippo produced or has agreed to produce only four contracts between BlueHippo on the one hand and Gateway, Capital Media and Alliance Payment Technologies on the other. BlueHippo has refused to produce other contracts that surely exist – e.g., a contract with Capital Media for the production of an award-winning Spanish-language infomercial – as well the summaries and reports which will show the actual involvement of these companies.

BlueHippo has refused altogether to produce documents regarding the volume of business BlueHippo has conducted in California and the number of BlueHippo's California customers (*see* Ex. 2 at 2), which are relevant because the parties' contacts with the forum state are an important factor in determining venue. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000). In addition, plaintiffs intend to call a number of BlueHippo's California customers as witnesses at trial, and California will clearly be a more convenient and affordable forum for these important witnesses. BlueHippo has also refused to produce documents regarding BlueHippo Capital, a Nevada company that BlueHippo used to issue purported sales contracts to California customers, and which show, contrary to BlueHippo's assertions, that much of the relevant evidence resides near California in the state of Nevada.

Finally, the limited third-party requests that plaintiffs have directed to Gateway and Alliance themselves (Ex. 3 and 4, and Ex. 5 and 6) bear on the issue of venue. The requests to Gateway to focus on the same Gateway-related issues that plaintiffs addressed through requests to BlueHippo. *See* Ex. 4 at 2. The requests directed to Alliance Payment Technologies are even narrower, and seek only to elicit information about the extent to which BlueHippo carried out its collections efforts from California and not Maryland, and about California-based evidence of those activities. *See* Ex. 6 at 1-2.[1]

As demonstrated above, plaintiffs have narrowed their discovery requests to ones that bear directly on the issue of the proper venue of this matter. It is for these reasons that plaintiffs respectfully request an order from the Court directing BlueHippo to produce the requested documents without further delay, and ruling that plaintiffs' third-party requests to Gateway and Alliance Payment Technologies are not stayed.

### DEFENDANT'S POSITION

On Sunday, October 14, four days after this Court's October 10 order staying all discovery except outstanding discovery related to venue, Plaintiffs "served" BlueHippo, via email, several document requests. Plaintiffs said these were "tailored" versions of their previous, all-encompassing discovery

---

[1] Alliance Payment Technologies has produced a limited amount of information in response to the subpoena it received; plaintiffs seek a ruling on their document requests in the event they determine it necessary to enforce their requests for additional documents.

**Katz, Marshall & Banks,** LLP

Honorable Jeffrey S. White
October 24, 2007
Page 3

requests (which, despite plaintiffs' contrary suggestions to this Court were clearly not intended to obtain discovery relating to venue). *See* Exhibit 1. In fact, plaintiffs' "tailored" requests were an entirely new set of requests that had little to do with the prior requests, were not outstanding on October 10, and were never properly served. Thus, they are not within the limited exception to the stay of discovery as ordered by this Court. What is more, plaintiffs' new requests still have nothing to do with venue.

  Far from impacting venue, the discovery related to Gateway and Capital Media (the locations of which -- **outside the Northern District of California** -- are a matter of public record) is manifestly designed to supply a sufficient factual basis (which Plaintiffs currently lack) for Plaintiffs' potential claims against those companies. Indeed, Plaintiffs admit as much by arguing that the information related to Gateway and Capital Media will help establish that they are proper parties to this lawsuit. But this is an improper use of discovery. Kunstler v. Britt, 914 F.2d 505, 515 (4th Cir. 1990) ("For the purpose of Rule 11, the factual inquiry necessary to file a complaint is generally satisfied if all of the information which can be obtained prior to suit supports the allegations made even though *further* facts must be obtained through discovery to finally prove the claim. However, a complaint containing allegations ... based on information which minimal factual inquiry would disprove, will subject the author to sanctions.").

  Nonetheless, in an effort to resolve the discovery dispute without further troubling the Court, BlueHippo produced the following documents responsive to Plaintiffs' "tailored" requests: (1) the contract between BlueHippo and Capital Media; (2) the contract between BlueHippo and Alliance; and (3) contracts between Gateway and BlueHippo. Despite BlueHippo's document production, Plaintiffs still seek (1) a "production" contract between it and Capital Media; (2) BlueHippo's financial information; (3) information related to BlueHippo Capital LLC; and (4) information in the possession of third parties. Each of these requests will be addressed in turn.

  *First*, despite the fact that BlueHippo has produced the contract between Capital Media and BlueHippo, Plaintiffs continue to insist on a purported contract for the production of Spanish-language advertisements. Plaintiffs are under the mistaken impression that Capital Media produces Spanish-language advertisements for BlueHippo. It does not. Capital Media only places advertisements on behalf of BlueHippo on Spanish-language television, as the contract produced to Plaintiffs plainly makes clear. There simply is no production contract.

  *Second*, Plaintiffs' request for documents related to the number of BlueHippo's California customers, the number of customers who did not receive what they paid for, and BlueHippo's revenues in the state has nothing to do with venue and is indeed unduly burdensome given that Plaintiffs purport to have this information already as evidenced by Paragraph 5 of the proposed Second Amended Complaint: "Through this scheme, BlueHippo has collected millions of dollars from the bank accounts of California residents without providing them anything in return. These consumers, [*sic*] compromise two thirds of BlueHippo's customers in California, make up the putative Class in this lawsuit." The request is also overbroad in that the total number of consumers is irrelevant to the putative class as defined -- i.e., those who did not receive computers. SAC, ¶ 82. Furthermore, BlueHippo's revenues in California have no impact on whether federal comity and the convenience of the parties would be

**KATZ, MARSHALL & BANKS,** LLP

Honorable Jeffrey S. White
October 24, 2007
Page 4

satisfied by keeping this case here or moving it to Maryland, and Plaintiffs have not provided any authority to the contrary. The sole case cited by Plaintiffs, *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000), makes no reference to a parties' profits or revenues as a factor in the venue analysis. The true reason for plaintiffs' request apparently is to elicit financial information from BlueHippo with an eye toward calculating "punitive damages". Such request for sensitive financial information is plainly improper at this stage; a party's financial information "is seldom relevant for discovery purposes, absent special circumstances" and is only discoverable "on those rare occasions when it [appears] necessary or useful to the proof of an element of a party's claim or defense." 6 Moore's Federal Practice, Provisions Governing Discovery, § 26.41[8][a], p. 26-125 (3d. Ed. 2007). Plaintiffs' argument that the information could help them locate witnesses who could testify at trial merely supports BlueHippo's argument that this is merits-based discovery, and in any event the argument makes no sense: How will Plaintiffs be able to identify potential witnesses by the raw numbers they seek in the request? Even if Plaintiffs intend to "call as witnesses at trial" some unspecified additional members of the putative class (a step that seems unnecessary in a class action with allegedly suitable class representatives), only the convenience of those additional witnesses should be taken into account.

*Third*, regarding the request for information related to BlueHippo Capital, the request is unrelated to venue. Plaintiffs seek the information to show that BlueHippo Funding has operations outside the state of California, but that is not relevant to the venue determination since the key issue is the location of witnesses and documents in the District of Maryland and the Northern District of California. 17 James WM Moore, Moore's Federal Practice, Venue, § 111.13[1][f][iii], pp. 111-82 – 111-83 (3d. Ed. 2007)("If . . . the non-party witnesses do not reside in or near either the transferor or the transferee district, and thus are not amenable to process in either district, then they are not given any weight in the transfer analysis.").

*Finally*, Plaintiffs argue BlueHippo should agree that their subpoenas to the third parties impact venue. BlueHippo cannot do that. While this Court was considering BlueHippo's request to stay discovery in this matter, Plaintiffs launched a nationwide discovery blitzkrieg, serving nine subpoenas on various ancillary third parties, among them Capital Media, Alliance, and Gateway. Plaintiffs never informed the Court of its plan to serve third party discovery in the parties' October 3 letter brief, and there is a serious question whether these discovery requests were part of the "outstanding" requests that this Court was contemplating when it issued its October 10 order. Furthermore, it is unduly burdensome for plaintiffs to seek the same improper discovery from third parties as they are also seeking from BlueHippo, *see generally* Fed. R. Civ. P. 45(c)(1); *see also* Gateway's objections, Exhibit 7. In any event, the matter is more appropriately addressed in the venues outside of the Northern District of California where the third parties are amenable to service of process. Fed. R. Civ. P. Rule 45(c)(2)(B).

                              Respectfully,

David J. Marshall                                        Ramiz I. Rafeedie
Attorney for Plaintiffs                                Attorney for Defendant