IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLENE RAY and KELLY CANNON, individually and on behalf of other similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>BLUEHIPPO FUNDING, LLC,<br><br>    Defendant. | No. C 06-01807 JSW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND DENYING MOTION TO TRANSFER** |

Now before the Court is Plaintiffs' motion for leave to amend the first amended complaint and Defendant BlueHippo Funding, LLC ("BlueHippo")'s motion to transfer this action to the District Court of Maryland. The Court finds that these matters are fully briefed and appropriate for disposition without oral argument and are hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for December 7, 2007 is HEREBY VACATED. Having carefully considered the motions and the relevant legal authority, the Court hereby DENIES Defendant's motion to transfer and GRANTS Plaintiffs' motion for leave to amend the first amended complaint.

As the parties are familiar with the facts and procedural history of this case, there is no need to recite them here, except where useful in reaching the disposition.

**ANALYSIS**

**A.  Legal Standard Applicable to Motions to Amend.**

Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend its complaint, after a responsive pleading has been served, by leave of court or by consent of the adverse party.  Rule 15(a) provides that leave to amend "shall be freely given."  *See* Fed. R. Civ. Proc. 15(a).  The Ninth Circuit has stated that "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Four factors are considered to determine whether a motion for leave to file an amended complaint should be granted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  These factors are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.  *Id*.  While these "factors are usually used as criteria to determine the propriety of a motion for leave to amend ... the crucial factor is the resulting prejudice to the opposing party."  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

**B.  Plaintiffs Shall Be Given Leave to Amend.**

BlueHippo argues that Plaintiffs have brought their amendment in bad faith.  In order for a court to find that a moving party filed for leave to amend in bad faith, the adverse party must proffer evidence that shows "wrongful motive" on the part of the moving party.  *See DCD Programs*, 833 F.2d at 187.  BlueHippo contends that Plaintiffs seek to amend their complaint to, among other things, add two additional California defendants for the sole purpose of defeating BlueHippo's pending motion to transfer.  First, notwithstanding the addition of the two new California parties, the Court will deny the motion to transfer.  Second, there is nothing in the record that supports a finding of bad faith.  Accordingly, this factor weighs in favor of granting the motion for leave to amend.

Next, a moving party may be precluded from asserting an amendment on the basis of undue delay where the matters asserted in the amendment were known to them from the beginning of the suit.  *Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971) (finding that where the moving party filed a motion to amend the pleadings 31 months after the answer was filed, the trial court did not abuse its discretion in denying leave to amend).  While undue delay

2

United States District Court
For the Northern District of California

is a factor for denying leave to amend, "[u]ndue delay by itself is insufficient to justify denying a motion to amend." *Bowles v. Reade,* 198 F.3d 752, 757-58 (9th Cir. 1999). The Court concludes that Plaintiffs' did not unduly delay in filing this motion. This suit is in an early stage because, although filed some time ago, it has been stayed by order of this Court. BlueHippo does not contend that it will suffer any prejudice and the Court finds none. Accordingly, this factor weighs in favor of granting the motion.

Finally, BlueHippo contends that the portions of the proposed amendments are futile. Leave to amend is properly denied where the amendment would be futile. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992). However, the Court finds that the amendments would not be futile as a matter of law at this procedural stage. The claims may not be legally sufficient in part due to named plaintiffs' lack of standing but because of the factual disputes in that regard, that is a matter more properly addressed by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Furthermore, to the extent there are disputed facts regarding the leal sufficiency of the claims, those are properly matters to be adjudicated at the summary judgment stage.

**C.   Motion to Transfer.**

BlueHippo moves to transfer this action under principles of federal comity or, in the alternative, pursuant to 28 U.S.C. § 1404(a). The Court finds neither argument persuasive.

First, the Court finds that the interests of comity are not served as the Maryland action is not currently active. The Maryland court granted voluntary dismissals without prejudice to those plaintiffs who had not signed BlueHippo's mandatory arbitration provision and class action waivers. The court compelled the sole signatory to arbitrate his claims. The case was "STAYED and ADMINISTRATIVELY CLOSED pending resolution of the compelled arbitration." (Opp. Br., Ex. 1 at ¶¶ 1, 6.)[1] The Fourth Circuit summarily dismissed BlueHippo's appeal from the district court's order. (Opp. Br., Ex. 2.)

---

[1] Although the cited documents were not properly submitted to the Court, they are subject to judicial notice and have been reviewed. *See* Fed. R. Evid. 202(b).

3

In addition, in the two other cases in which lawsuits against BlueHippo are currently pending and in which BlueHippo has moved to transfer the actions to the District Court in Maryland, the courts have also determined that, for all practical purposes the Maryland case is not active, and have declined to transfer those actions to Maryland. The District Court for the Northern District of Oklahoma in *Robbins et al. v. BlueHippo Funding LLC, et al.*, 07-cv-145TCK-SAG (N.D. Ok.), denied the motion to transfer as it found the Maryland case "no longer pending" and that "there is no danger of having duplicative causes of action." (Opp. Br., Ex. 11 at 5.) The District Court for the Eastern District of Arkansas in *Williams et al. v. BlueHippo Funding et al.*, Civil Case No. 04:07-00662-SSW (E.D. Ak.), determined not to transfer that action to the Maryland court in part because it found that the action is "stayed and administratively closed." (Notice of Filing of Additional Authorities, Order at 10.)   This Court finds those cases persuasive and similarly holds that the pending motion to transfer to Maryland for the sake of judicial comity is not well-taken.

BlueHippo also moves to transfer pursuant to 28 U.S.C. § 1404(a). A district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination of whether transfer is appropriate in a particular case. For example, the court may consider:  (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *See, e.g., Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The general rule is that the plaintiff's choice of forum is to be given substantial weight. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, a plaintiff's choice of forum is less significant where they propose to represent a nationwide class. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

Given the general rule that the plaintiff's choice of forum is to be given substantial weight even though diminished by virtue of this being a purported class action, and BlueHippo's failure to demonstrate that the convenience of witnesses and the parties, the forum's familiarity with the law, the ease of access to evidence or the relative congestion of the courts tips in favor of transferring the case to Maryland, the Court concludes that BlueHippo has failed to meet its burden to show that this case should be transferred. Accordingly, the Court DENIES BlueHippo's motion to transfer.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file a second amended complaint. The Court ORDERS Plaintiffs to file their amended complaint by no later than December 7, 2007. Defendant's responsive paper or motion shall be filed 20 days after they are served with the second amended complaint. The Court DENIES BlueHippo's motion to transfer.

**IT IS SO ORDERED.**

Dated: December 4, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE