UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLENE RAY, *et al.*, | No. C-06-1807 JSW (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE PARTIES' JOINT LETTER OF FEBRUARY 21, 2008** |
| BLUEHIPPO FUNDING, LLC, *et al.*, | **(Docket No. 112)** |
| Defendants. | |
| _____/ | |

Having reviewed the parties' joint letter of February 21, 2008, the Court hereby rules as follows.

Although Judge White has not formally lifted the stay he imposed on discovery, there is no reason for that stay to still be in effect. The purpose of the stay was to enable Judge White to rule on the motion to transfer; the motion to transfer has now been adjudicated.

The only question remaining for the Court is whether there should be a temporary "stay" of discovery so that the parties can meet and confer regarding a discovery plan and so that Judge White can issue his pretrial order.

The Court rejects BlueHippo's argument that discovery should, in effect, be stayed until Judge White issues his pretrial order. BlueHippo contends that Judge White may set limits on Plaintiffs' discovery in that order. However, at the case management conference of March 7, 2008, Judge White gave the parties substantial guidance as to how discovery should proceed -- *i.e.*, that the parties are to focus on class certification discovery and not plenary discovery on the merits, but that given the overlap between such discovery and discovery on the merits of the case, subject matter

scope cannot be strictly contained. It is this Court's understanding that the parties are to meet and confer and resolve issues as to *e.g.*, the number and identity of persons to be deposed.

Consistent with Judge White's directive, the parties shall include in the meet and confer ordered by Judge White the issue as to the scope of written discovery, including outstanding requests for production of documents. Plaintiffs shall not be barred from exploring merits-based discovery where it also informs class certification issues. On the other hand, the focus at this junction is on class certification. The parties shall bear in mind that this Court's assessment of the scope of class certification discovery though not strictly contained will ultimately be guided by benefit/burden analysis of Rule 26(b)(2)(C).

The parties are also forewarned that the meet and confer shall, if necessary, be in person and that this Court will sanction any party that does not fully participate in said process prior to bringing any discovery dispute to this Court.

The briefing schedule and hearing date on the discovery dispute raised in the parties' joint letter is hereby **VACATED**.

This order disposes of Docket No. 112.

IT IS SO ORDERED.

Dated: March 10, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge