1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7

8   ROYLENE RAY, *et al.*,                           No. C-06-1807 JSW (EMC)
9           Plaintiffs,
                                                     **ORDER RE PARTIES' JOINT LETTER**
10          v.                                       **OF JULY 3, 2008**
11  BLUEHIPPO FUNDING, LLC, *et al.*,                **(Docket No. 147)**
12          Defendants.
    _____/
13

14          As reflected in the joint letter of July 3, 2008, the parties have a discovery dispute as to

15  whether (1) Defendant BlueHippo Funding LLC should be compelled to respond to Plaintiffs'

16  Document Request No. 2, which seeks the production of all documents pertaining to eight different

17  individuals, and (2) BlueHippo should be permitted to redact customer-specific information from,

18  *e.g.*, customer complaints and other documents that contain names, addresses, and/or other contact

19  information for absent class members.

20          Having reviewed the joint letter, as well as all other evidence of record, the Court hereby

21  **GRANTS** in part and **DENIES** in part Plaintiffs' request for relief.

22  1.      Documents Related to Eight Individuals

23          Plaintiffs contend that the documents sought pursuant to Document Request No. 2 are

24  relevant because the individuals are potential class members and documents relating to them may go

25  to certification issues such as typicality and commonality.  BlueHippo contends that, while

26  discovery about *all* potential class members is permissible, "cherry-picking" of select individuals is

27  not.  BlueHippo further contends that the document request seeks customer information that is

28  private, in particular, their personal financial information.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   The Court does not find BlueHippo's arguments persuasive.  BlueHippo does not cite any

2   authority which states that a class action plaintiff is barred from seeking discovery about less than all

3   potential class members.  Indeed, discovery of a sampling of potential class members is

4   contemplated by the Manual of Complex Litigation.  *See* Manual of Complex Litig. § 21.14, at 257.

5   That Plaintiffs in the instant case are not asking for random sampling but rather for particularized

6   sampling is not dispositive.

7   As for privacy issues, Plaintiffs have stated for the record that they do not seek personal

8   financial information such as bank account numbers, balances, and so forth.  Plaintiffs have also

9   stated that, if BlueHippo deems it necessary, it may redact additional personal financial information

10  from the documents that are produced so long as BlueHippo provides a log that specifies the type of

11  information that was redacted and leaves open for future discussion and/or judicial resolution

12  whether the redaction was appropriate.  Finally, there is a protective order in place in the case which

13  allows for an attorney's eyes only designation.  *See* Docket No. 82.

14  While the Court does not agree with BlueHippo's position, it does not accept Plaintiffs'

15  position in its entirety either.  First, as written, Document Request No. 2 is overbroad.  It asks for all

16  documents that pertain to a specific individual, without limitation.  Plaintiffs do not explain how all

17  such documents would relate to the issues of commonality or predominance.  Although the test of

18  discoverability is broad under Rule 26, Plaintiffs must articulate the kinds or categories of

19  documents they seek and explain their relevance to class certification issues.  Second, the request

20  asks for information related to Dawn Bone, whom Plaintiffs identify as a resident of Alabama at the

21  time she became a BlueHippo customer, but the class is defined as California residents from whom

22  BlueHippo received money for merchandise but who never received merchandise.  *See* TAC ¶ 78.

23  In light of the above, the Court orders that the parties meet and confer to determine (1)

24  whether they can agree upon a more narrowly tailored request, (2) whether there are additional

25  categories of personal financial information that are appropriate to redact, and (3) and whether Ms.

26  Bone is in fact a potential class member given the definition of the class as alleged in Plaintiffs'

27  third amended complaint.  The parties should bear in mind during the meet and confer in addressing

28  the issues regarding the breadth of documents to be produced and the scope of any redactions, the

**United States District Court**

For the Northern District of California

1   documents may be produced pursuant to a protective order with the attorney's eyes only designation.

2   Hence, the Court will take a liberal view towards disclosure.  If the parties are unable to reach

3   agreement, then they shall file a joint letter with the Court within seven (7) days of the date of this

4   order.

5   2.      Redaction of Customer-Specific Information

6           BlueHippo contends that it should be permitted to redact customer-specific information --

7   *i.e.*, names and addresses -- because the information is not relevant to the issues of class certification

8   and therefore the privacy interests of the customers are more important to protect.  The Court agrees

9   that the customers do have a privacy interest in their contact information but that information is

10  relevant, especially for purposes of discovery, to class certification issues.  *See Oppenheimer Fund,*

11  *Inc. v. Sanders*, 437 U.S. 340, 354 n.20 (1978) ("We do not hold that class members' names and

12  addresses never can be obtained under the discovery rules.  There may be instances where this

13  information could be relevant to issues that arise under Rule 23 or where a party has reason to

14  believe that communication with some members of the class could yield information bearing on

15  these or other issues.").  In particular, a customer with a complaint similar to the complaints of

16  Plaintiffs would likely be a person whom Plaintiffs would want to contact to support their motion for

17  class certification.

18          Accordingly, the Court concludes that for such persons, the names and addresses shall not be

19  redacted but that the information shall be produced subject to the protective order, more specifically,

20  the attorney's eyes only designation.

21          This order disposes of Docket No. 147.

22

23          IT IS SO ORDERED.

24

25  Dated:  July 8, 2008

26  _____

27  EDWARD M. CHEN
    United States Magistrate Judge

28