United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLENE RAY, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BLUEHIPPO FUNDING, LLC, *et al.*,<br><br>　　　　　Defendants.<br>_____/ | No. C-06-1807 JSW (EMC)<br><br>**ORDER REQUIRING FURTHER MEET AND CONFER RE PLAINTIFFS' MOTION TO COMPEL; GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER; AND GRANTING PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION**<br><br>**(Docket Nos. 149, 152, 156)** |

　　　　The Court held a telephonic conference call on August 8, 2008, during which it made rulings on Plaintiffs' motion to compel (Docket No. 149); Defendants' motion for a protective order (Docket No. 152); and Plaintiffs' motion to strike Defendants' motion for a protective order or, in the alternative, for expedited consideration thereof (Docket No. 156). This order memorializes the Court's rulings and provides additional explanation where necessary.

**I.　DISCUSSION**

A.　Plaintiffs' Motion to Compel

　　　　1.　Document Request No. 24

　　　　The Court rejects BlueHippo's position that no documents should be produced because they are privileged. "Neither the U.S. Supreme Court nor the Ninth Circuit have recognized a blanket settlement privilege as a matter of federal common law." *United States v. Union Pacific R.R. Co.*, No. CIV 06-1740 FCD KJM, 2007 U.S. Dist. LEXIS 40178, at *15-16 (E.D. Cal. May 23, 2007);

*see also Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, No. C-05-3148 MMC (JCS), 2007 U.S. Dist. LEXIS 27437, at *15, 20 (N.D. Cal. Mar. 30, 2007) (noting that "courts have reached widely divergent conclusions about whether or not a federal settlement privilege exists"; ultimately "conclud[ing] that a federal settlement privilege should not be implied" under Federal Rule of Evidence 501). BlueHippo argues that, even if there is no privilege, the Court could rely on Federal Rule of Evidence 408 to limit what settlement communications should be produced during discovery, *see Union Pacific*, 2007 U.S. Dist. LEXIS 40178, at *18 (adopting this approach), but admissibility and discoverability are two different issues.

        The Court, however, agrees with BlueHippo that Document Request No. 24 is overbroad. Although BlueHippo's business practices may have been nationwide, it is likely that some of the information provided by BlueHippo to FTC and the non-California states is either completely irrelevant or marginally relevant -- *e.g.*, financial information about non-California customers, who are not part of the potential class in the instant case. During the conference call, Plaintiffs claimed that BlueHippo had failed to produce specific types of documents (*e.g.*, internal memoranda, e-mails) and documents concerning certain subject matters (*e.g.*, documents related to why and when BlueHippo changed its business models). If these are the documents that Plaintiffs seek, Document Request No. 24 is an inefficient and ineffective way to obtain them and is grossly overbroad as written. The parties should discuss meaningful ways of narrowing the documents at issue. The Court therefore orders the parties to further meet and confer. During the meet and confer, Plaintiffs must articulate with specificity what kinds of documents it seeks (whether pursuant to Document Request No. 24 or another request). The Court emphasizes, as it did during the conference call, that counsel with full and complete authority on discovery matters (and a client representative if needed to authorize resolution) must participate in the meet and confer and that, if either party continues to maintain an extreme position, the Court may well impose sanctions if that position is not substantially justified. Thus far, the meet and confer process has been inadequate. Neither side has described any effort to compromise and relinquish their respective absolutist positions.

The parties shall file a joint letter no later than August 15, 2008, to report back on their meet and confer efforts and to inform the Court what, if any, discovery dispute remains. The joint letter shall be no longer than two single-spaced pages.

### 2. Production Deadline

The documents in question shall be produced at least 14 days in advance of the deposition to which they may pertain to permit review and resolution of any disputes over the production prior to the deposition.

### 3. Interrogatory No. 17

The Court agrees with BlueHippo that the interrogatory is overbroad since it seeks information about all of BlueHippo's California customers, regardless of whether they are members of the putative class. However, even if the interrogatory were narrowed to only members of the putative class, BlueHippo argues that the undertaking to respond to the interrogatory would be unduly burdensome. According to BlueHippo, "the putative class alone . . . potentially has almost 40,000 members." Burcham Decl. ¶ 3. BlueHippo estimates that, because of the size of the class and the need for human review of database information, it would take approximately 2,000 hours to respond to the interrogatory. *See id.* ¶¶ 4-8. BlueHippo notes that, even if it were to respond to the interrogatory based on a sampling -- *e.g.*, 10% -- that would still take some 200 hours.

In order to better evaluate the alleged burden, the Court orders BlueHippo to provide a declaration as to the number of hours BlueHippo spent creating the chart provided in the Florida proceedings. *See* Docket No. 149 (Ex. 4). The declaration shall also address (1) what categories of information are maintained on BlueHippo's databases (*e.g.*, is there information comparable or similar to what is sought in the interrogatory) or (2) what exactly would be involved with the human review of data extracted from the databases and why such review is necessary. The declaration shall be filed no later than August 15, 2008.

///
///
///
///

B. <u>Defendants' Motion for Protective Order and Plaintiffs' Motion to Strike or, in the Alternative, for Expedited Consideration</u>

Both BlueHippo Defendants move for a protective order to prevent a 30(b)(6) deposition from proceeding on August 12, 2008. Plaintiffs move to strike Defendants' motion or, in the alternative, ask the Court to consider Defendants' motion on shortened time.

In light of the noticed deposition date of August 12, the Court grants Plaintiffs' request for shortened time. Turning to the merits of Defendants' motion, the Court is at a loss as to why this discovery dispute was not resolved by the parties without the need for judicial intervention. Finding a mutually agreeable deposition date should not be beyond the parties' abilities. Presenting this issue for the Court's resolution is a waste of judicial resources not to mention the parties'. Given the unavailability of counsel for Gateway on August 12, and the lack of prejudice to any party by having the deposition held on September 5, 2008, when all parties appear to be available, the Court grants the motion for a protective order. The 30(b)(6) deposition shall be held on September 5, 2008.

Although no motion for a protective order has yet been filed with respect to the deposition of Joseph Rensin, currently scheduled for August 14, 2008, the Court notes that, given the unavailability of counsel for Gateway on that date, the deposition shall not proceed on August 14. The Court is not prejudging whether the deposition should in fact go forward at all and if so on what other date. Defendants are advised to file their motion for a protective order with respect to the Rensin deposition promptly. Once filed, Plaintiffs shall have three court days to file an opposition.

## II. CONCLUSION

For the foregoing reasons, the Court orders a further meet and confer with respect to Plaintiffs' motion to compel, grants Plaintiffs' motion for expedited consideration of Defendants' motion for a protective order, and grants Defendants' motion for a protective order.

///
///
///
///
///

4

If these disputes are not resolved through meet and confer, the Court will order personal attendance of lead trial counsel at a further meet and confer at a place and time to be ordered by the Court.

IT IS SO ORDERED.

Dated: August 11, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

5