UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLENE RAY, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>BLUEHIPPO FUNDING, LLC, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-06-1807 JSW (EMC)<br><br>**ORDER RE JOINT LETTER OF AUGUST 15, 2008, AND LETTERS OF AUGUST 18, 2008**<br><br>**(Docket Nos. 169, 173, 176)** |

Previously, the Court issued an order in which it warned the parties that, if their discovery disputes were not resolved through meet and confer, then it would order the personal attendance of lead trial counsel at a further meet and confer at a place and time to be ordered by the Court. *See* Docket No. 160 (order, filed on 8/11/08). The Court has now received a joint letter from the parties regarding a continuing dispute over Document Request No. 24, as well as a letter from each party with respect to Interrogatory No. 17.

Having reviewed the letters and accompanying submissions, the Court hereby orders a further meet and confer in compliance with the Court's instructions below.

**I.    DISCUSSION**

A.    <u>Meet-and-Confer Process</u>

The meet-and-confer process has fallen apart in the instant case. Both parties have failed to meet and confer in good faith. For example:

•     In spite of the Court's previous comments to the parties, and in direct contravention of the Court's standing order, the meet-and-confer process has largely taken place through an

1   exchange of e-mails, and not through person-to-person conversations. *See* Docket No. 169,
2   Ex. 3 (e-mail correspondence).

- Plaintiffs refused to give Defendants any information about their substantive position (*e.g.*, relevance of the discovery to class certification issues) prior to any formal meet and confer.
- Defendants refused to consider whether any documents produced to states other than California should be provided in the instant litigation.

Accordingly, the Court hereby imposes a new procedure for all future meet-and-confer sessions. If a discovery dispute arises,

(1) The parties shall meet and confer on the telephone with lead trial counsel participating and discuss: (a) what discovery the proponent seeks and (b) why the discovery sought is relevant to class certification. A blanket statement that the discovery sought is relevant to, *e.g.*, "typicality" shall not be adequate. The proponent must be *specific* about the relevance of the discovery sought. If the opposing party believes that the discovery sought is irrelevant, it shall explain its position in detail. If it asserts discovery is unduly burdensome, then it shall provide to the other side specific cost estimates and explanation of the burden. Neither side shall impose preconditions to compliance with these requirements. The parties must propose and discuss possible compromises/alternatives to resolve the dispute.

(2) If the telephone meet and confer does not resolve the dispute, the parties shall meet and confer in person as provided below. A meet and confer solely by written exchanges shall not be permitted.

(3) A meet and confer in person shall require the personal attendance of lead trial counsel. Lead trial counsel shall attend with full authority to resolve the dispute. If client authority is needed, the client shall attend as well. The location of the meet and confer shall alternate between San Francisco and Washington, D.C. The first meet and confer under this procedure shall be in San Francisco. Each party shall bear its own costs of travel.

(4) Absent leave of the Court, there shall be no more than one meet-and-confer session per month.

(5) If the parties are unable to resolve their differences after a meet and confer, they shall file a joint letter within a week of the meet and confer. The joint letter shall be no longer than three single-spaced pages and shall describe concisely the specific disputes which remain unresolved, and the last offer of compromise presented by each party. Only necessary exhibits should be attached. The Court shall decide, after reviewing the joint letter, whether a hearing of any kind is necessary. Any party that advances a position that is not substantially justified or refuses to propose or consider a reasonable offer of compromise risks being sanctioned.

B.  <u>Document Request No. 24</u>

The parties continue to dispute Document Request No. 24. The Court orders the parties to meet and confer, in compliance with the Court's instructions above, regarding this dispute. The meet and confer shall take place by August 31, 2008.

To assist the parties, the Court provides the following guidance. The Court makes a distinction between information about Defendants' business practices and information about their customers. The potential class in the instant case consists of California customers only. Thus, to the extent BlueHippo made written responses or produced documents to regulatory agencies about customers of states other than California (*e.g.*, what a customer paid), that information is likely to be of marginal relevance, if at all. As for Defendants' business practices, however, it does not appear that they differed from state to state. Therefore, information about Defendants' business practices even if sent to a non-California regulatory agency and even if it incidentally affected non-California customers could be relevant if it reflects business practices which likely affected California residents. Of course, only the specific business practices challenged by Plaintiffs in their complaint are relevant. Moreover, as previously ordered by Judge White and the undersigned, relevance is measured by the issue of class certification, not the underlying merits.

To the extent Plaintiffs continue to claim that *all* of the written responses and documents produced in the FTC and Maryland proceedings are needed to respond to BlueHippo's superiority argument, the Court rejects that argument. Plaintiffs have failed to explain why they are not able to

address the superiority issue so long as BlueHippo provides the final agreements with the government entities.

Finally, the parties must be mindful of the balancing of burden and benefit under Rules 26(b)(2(c); relevance alone is not dispositive. Documents with marginal relevance or largely duplicative need not be produced.

C.  Interrogatory No. 17

Previously, the Court ordered a supplemental declaration from Defendants regarding the alleged burden that would be imposed if they had to respond to Interrogatory No. 17. A declaration was provided, after which both parties filed unauthorized letters. The parties shall meet and confer pursuant to the above proceedings and shall discuss and consider compromises/alternatives to complete verified disclosure, such as spreadsheets based on existing database previously produced to the FTC or other agencies, some form of sampling, etc.

IT IS SO ORDERED.

Dated: August 21, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge