UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROYLENE RAY, *et al.*,

    Plaintiffs,

v.

BLUEHIPPO FUNDING, LLC, *et al.*,

    Defendants.
_____/

No. C-06-1807 JSW (EMC)

**ORDER DENYING IN PART THIRD-PARTY AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**(Docket No. 210)**

Currently pending before the Court is a discovery dispute related to the deposition of Joseph K. Rensin, the CEO of BlueHippo. Both Mr. Rensin and BlueHippo ask for, in effect, a protective order barring his deposition from taking place or, in the alternative, limiting the scope of his deposition, both in terms of subject matter and time. Having considered the parties' briefs and accompanying submissions, the oral argument of counsel, and all other evidence of record, the Court hereby **DENIES** the motion in part.

## I. FACTUAL & PROCEDURAL BACKGROUND

Mr. Rensin is the CEO of BlueHippo. He allegedly has been with the company since its inception. When Plaintiffs first initiated this class action, they sued not only BlueHippo but also Mr. Rensin in his individual capacity. *See* Docket No. 1 (complaint, filed on 3/8/2006). BlueHippo responded to the complaint with a motion to transfer venue to the District of Maryland; Mr. Rensin responded to the complaint with a motion to dismiss for lack of personal jurisdiction. *See* Docket Nos. 16-17 (motions, filed on 4/24/2006). Subsequently, Plaintiffs voluntarily dismissed Mr. Rensin from the case without prejudice. *See* Docket No. 23 (notice, filed on 5/9/2006). In a joint case

management conference statement that was thereafter filed, Plaintiffs stated that they "intend[ed] to add Mr. Rensin [back in] as a defendant in the event discovery confirm[ed] that BlueHippo is his alter ego with regard to Plaintiffs' claims." Docket No. 56 (Statement at 8). Plaintiffs subsequently filed a motion to amend the complaint, seeking, *inter alia*, to add Mr. Rensin as a defendant. *See* Docket No. 178 (motion). That motion is still pending.

Prior to filing the motion to amend, Plaintiffs noticed the deposition of Mr. Rensin on June 18, 2008. *See* Docket No. 153 (Schoenberg Decl., F) (notice). In response, Mr. Rensin and BlueHippo moved for a protective order, asking that the Court bar the deposition from taking place. *See* Docket No. 161 (motion, filed on 8/11/2008). Mr. Rensin and BlueHippo argued that Plaintiffs sought to take his deposition "to try to collect information related to their new motion to add Mr. Rensin back into the complaint, not to collect information necessary for class certification." Docket No. 161 (Mot. at 6). Mr. Rensin and BlueHippo further argued that, since he is BlueHippo's CEO, the apex doctrine is applicable, and Plaintiffs should not be entitled to take his deposition until after they "exhausted other avenues of discovery." Docket No. 161 (Mot. at 8). Ultimately, the Court held that it would reserve ruling on the issue of the Rensin deposition until after the 30(b)(6) deposition of BlueHippo had taken place. *See* Docket No. 186 (order, filed on 8/22/2008). The Court specifically instructed the parties that, after the 30(b)(6) deposition, they were to "meet and confer to determine whether the Rensin deposition should proceed and, if so, what its scope should be in light of the what information [had] been provided at the 30(b)(6) deposition." Docket No. 186 (Order at 1). The Court noted that, given BlueHippo's small size and what appeared to be Mr. Rensin's central and active role in the company, it would take a liberal view of the apex doctrine. *See* Docket No. 186 (Order at 1-2).

Subsequently, the 30(b)(6) deposition took place, and the parties, as well as Mr. Rensin, continued to disagree as to whether the Rensin deposition should take place and, if so, whether there should be any limitations. The Court therefore instructed the parties and Mr. Rensin to file cross-briefs to address the dispute, *see* Docket No. 207 (notice, filed on 10/30/08), and a hearing on the matter was held by telephone on November 5, 2008.

As of the date below, Judge White has not ruled on Plaintiffs' motion for leave to amend, and therefore Mr. Rensin, in his individual capacity, is currently not a party to the litigation. The parties do not dispute, however, that as an active CEO, he is a percipient witness to the case against BlueHippo.

## II. DISCUSSION

In the Court's previous order, it noted that Mr. Rensin -- BlueHippo's CEO -- appeared to have a central and active role in the company. Plaintiffs have made a sufficient proffer to support that Mr. Rensin did have such a role and further that, based on this role, he could provide either additional or different information from that provided by the 30(b)(6) deponent. For example, as indicated by the 30(b)(6) deposition, Mr. Rensin had a primary role in the Gateway relationship. In addition, Mr. Rensin had what appears to be a significant role with respect to the call centers (*e.g.*, if problems arose with the centers). Plaintiffs have also indicated that Mr. Rensin may have direct knowledge about how the business models were actually put into place (*i.e.*, based on his technological knowledge).

The 30(b)(6) deponent was able to provide a substantial amount of information at his deposition. However, as outlined above, Plaintiffs have made a sufficient showing that Mr. Rensin could provide either additional or different information from that provided by the 30(b)(6) deponent. Importantly, Mr. Rensin and BlueHippo concede that he is a percipient witness who possesses relevant information. They further concede that Mr. Rensin's deposition may be taken; they simply do not want his deposition to be taken now.

Ultimately, none of Mr. Rensin and BlueHippo's objections are availing. First, the Court has already stated that it will not allow any questions at his deposition related to alter ego given that, at this juncture in the proceedings, he is not a party in the case. Thus, by so limiting the scope of the deposition, Plaintiffs will not be permitted to use or exploit this deposition simply as a ruse to obtain evidence to support their motion to amend the complaint.

Second, the purpose behind the apex doctrine is to prevent harassment of a high-level corporate official where he or she has little or no knowledge. *See* 6-26 Moore's Fed. Prac. -- Civ. § 26.105[2][a] (noting that "courts often are reluctant to permit 'apex' depositions of highest-level

corporate officers or managers who are unlikely to have personal knowledge of the facts sought by the deposing party"); *see also Liberty Mut. Ins. Co. v. Superior Court*, 10 Cal. App. 4th 1282, 1287 (1992) (noting that "[t]he head of a large national corporation will generally not have knowledge of a specific incident or case handled several levels down the corporate pyramid"). As noted above, Mr. Rensin does have personal knowledge, which is not surprising given that BlueHippo is a relatively small company, not a large national corporation. Moreover, Mr. Rensin and BlueHippo have admitted that there is no burden in having his deposition take place -- *e.g.*, although he is the CEO, his deposition would not disrupt BlueHippo's business. *Cf.* Moore's § 26.05[2][a] ("A party seeking the testimony of a highly placed government official may be required to demonstrate some extraordinary circumstance or special need for the witness's testimony. The policy behind this rule is that a government official who has greater duties and time constraints than other witnesses should be protected from the constant distraction of testifying in lawsuits."). Since Mr. Rensin appears to have substantial personal knowledge of relevant facts and his deposition would impose no business hardship, the apex doctrine should be liberally applied, if at all, in favor of permitting the deposition. As Plaintiffs have made some showing why information might be obtained from Mr. Rensin which is beyond or different from the 30(b)(6) deposition, the apex doctrine is not a bar here.

Third, although Mr. Rensin[1] has voiced concerns about criminal liability based on alleged threats made by Plaintiffs' counsel to contact government authorities, that is not a reason to prevent the deposition from going forward at all. But he can assert whatever rights he has (*e.g.*, under the Fifth Amendment) in the deposition.

Fourth, Mr. Rensin's contention that he is not subject to personal jurisdiction in this forum, and therefore the deposition should be put off until after Judge White has ruled on Plaintiffs' motion to amend, is without merit. First, personal jurisdiction is irrelevant because Mr. Rensin is being deposed as a corporate witness. In any event, if Judge White denies Plaintiffs' motion to amend, such that Mr. Rensin cannot be added as a party to this case, there is nothing to bar Plaintiffs from initiating a separate lawsuit against Mr. Rensin, perhaps in a different venue. Likewise, if Judge

---

[1] Although Mr. Rensin is not currently a party to the action, Mr. Rensin's personal counsel appeared at the hearing to make arguments on his behalf.

4

1  White grants Plaintiffs' motion and Mr. Rensin then moves to dismiss for lack of personal
2  jurisdiction (or, alternatively, moves to transfer), Mr. Rensin may be sued at another venue.  In other
3  words, there is no guarantee that his personal liability will be eliminated.  Judge White's ruling on
4  the motion to amend  will not obviate the concern Mr. Rensin has posed in seeking to delay the
5  deposition.  It is not uncommon for an individual such as a CEO to be at risk of personal liability in
6  these kinds of cases.  That fact alone does not stop discovery from proceeding and is no reason to
7  ban or delay Mr. Rensin's deposition here.

8  Finally, Mr. Rensin and BlueHippo suggest that it would impose an undue burden for the
9  deposition to go forward because Mr. Rensin would have to be specially prepared given the risk of
10 personal liability.  Apart from the fact that delay will not resolve that risk as noted above, the Court
11 finds this assertion factually without merit.  Mr. Rensin has been on notice since mid-June 2008 that
12 Plaintiffs wish to take his deposition.  Moreover, since late August 2008, Mr. Rensin has been aware
13 that the Court might well allow the deposition to proceed because, under the circumstances, it was
14 taking a liberal view of the apex doctrine.  While many documents may have been produced by
15 BlueHippo, there is no evidence that Mr. Rensin cannot be prepared for a deposition on November
16 14, 2008, particularly as his counsel and counsel for BlueHippo appear to be working
17 collaboratively and Mr. Rensin appears to be playing a role in this case, even if not a direct party to
18 the lawsuit.

19 To be sure, BlueHippo has raised substantial questions about the efficiency of the proposed
20 deposition.  The Court notes that, based on its review of the transcript excerpts cited, Plaintiffs
21 appear to be looking into issues that are marginally relevant to class certification or looking for a
22 level of detail that may not be realistic given that Mr. Rensin does not have a duty to prepare as did
23 the 30(b)(6) deponent.  The answer to this concern is that a deposition now will diminish time
24 available for any further deposition after class certification is ruled on.

25 Plaintiffs shall have, consistent with the Federal Rules of Civil Procedure, a total of seven
26 hours to depose Mr. Rensin for all purposes in this case (*i.e.*, class certification and merits), *see* Fed.
27 R. Civ. P. 30(d)(1) (providing that a deposition is limited to seven hours), and the time spent on this
28 class certification deposition shall be counted towards the total seven-hour limit.  Should Plaintiffs

5

later seek permission to exceed the seven hour limit, *see* Fed. R. Civ. P. 30(d)(1) (providing that a "court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination"), they are forewarned that this Court will not consider any inefficiency that occurs during this deposition.

### III. CONCLUSION

The Court therefore orders that the deposition of Mr. Rensin proceed on November 14, 2008. The deposition shall take place in Baltimore. The parties shall meet and confer as to the precise location for the deposition, as well as the time.

The scope of the deposition shall be limited to class certification issues. No questions related to alter ego may be asked.

This order disposes of Docket No. 210.

IT IS SO ORDERED.

Dated: November 6, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

6