United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROYLENE RAY and KELLY CANNON, KARLA HODGES and LAKETA COULTER, individually and on behalf of other similarly situated,

Plaintiffs,

v.

BLUEHIPPO FUNDING, LLC, BLUEHIPPO CAPITAL, LLC and GATEWAY, INC.,

Defendants.

_____________________________________/

No. C 06-01807 JSW

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Now before the Court is the motion filed by Plaintiffs to amend the third amended complaint. The Court finds this matter appropriate for disposition without oral argument and therefore VACATES the hearing date of December 5, 2008. *See* N.D. Civ. L.R. 7-1(b). Having considered the parties' pleadings, relevant legal authority and the record in this case, and for the reasons set forth in the remainder of this Order, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiffs' motion to amend the complaint.

The facts and procedural history are well-known to the parties and sufficiently addressed in the parties' briefs. Defendant BlueHippo alleges that Plaintiffs seek to amend the complaint for the fourth time in bad faith, for dilatory purposes and to prejudice defendants. Although the Court is aware that Plaintiffs have now submitted five versions of their complaint in this matter, the landscape of the litigation has changed sufficiently to allow the some of the substantive revisions reflected in the current proposed fourth amended complaint. The issues raised by a future motion for class certification will remain unresolved until such issues are formally presented to the Court. While the proposal to amend the complaint to add Mr. Rensin has been delayed without reason, the Court finds that based upon the liberal standard to allow amendment and the Court's finding that BlueHippo has not met its burden to defeat the current

motion on the addition of new plaintiffs, the Court exercises its discretion to allow partial amendment of the complaint.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court. In accordance with the Federal Rule's liberal pleading standard, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, and futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 230 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).

Plaintiffs seek to amend the complaint to add representative plaintiffs under the current business regime employed by BlueHippo regarding the refunds for its purchasers. The Court finds that the allegations in the complaint are broad enough to encompass the current alleged business practices of defendants and the issue of whether or not the current plaintiffs may certify a class is premature. Although Plaintiffs arguably knew about the current business model earlier, due to the Court's granting of BlueHippo's request to extend the briefing schedule on the motion to certify a class, there is no indication that BlueHippo will face any prejudice caused by the apparent delay.

However, Plaintiffs also seek to amend the complaint to add Mr. Rensin as an individual defendant. It is clear from the face of the original complaint in this matter that Plaintiffs intended to sue Mr. Rensin and had the same knowledge of his alleged participation in the underlying conduct at that time as they have now. BlueHippo contends that the earlier dismissal and current proposed addition of Mr. Rensin is suspect because of its timing with relation to the motion to transfer venue. Although the Court cannot finds as a matter of law that Plaintiffs' previous dismissal of Mr. Rensin and current motion for leave to amend to add Mr. Rensin is motivated by a bad faith effort to manipulate the proceedings, the Court does find that

United States District Court
For the Northern District of California

Plaintiffs have already amended their complaint three times and the participation of Mr. Rensin, to the extent it is actionable, were known by Plaintiffs since the inception of the litigation. In addition, by adding Mr. Rensin at this time, Plaintiffs have deprived him of an opportunity to move to transfer venue to the Maryland court. A "district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." *Allen v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (citing *DCD Programs*, 833 F.2d at 186); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (holding that a court may deny leave to amend where the movant presented no new facts and "provided no satisfactory explanation for his failure to fully develop his contentions originally") (citing *Fidelity Financial Corp. v. Federal Home Loan of San Francisco*, 792, F.2d 1432, 1438 (9th Cir. 1986) (refusing to allow plaintiff to file a fourth amended complaint where "[t]he factual bases of the claim were known to [plaintiff] long before" and the defendant would have been prejudiced).

Because it is clear that Plaintiffs knew of the potential to sue Mr. Rensin, the proper course of conduct would to have requested jurisdictional discovery, not to have voluntarily dismissed him from the lawsuit, then defeated a motion to transfer venue partially as a result of the failure to have a Maryland resident defendant, and then, at this late date, without any further knowledge of his potential individual liability, seek to amend the complaint to add Mr. Rensin back. The Court finds Plaintiffs' request to add Mr. Rensin sufficiently delayed and prejudicial to merit partially denying the motion for leave to amend to add a new defendant.

Upon consideration of the motion, the Court finds that Plaintiffs' request for leave to amend to add additional plaintiffs satisfies the liberal standard of Rule 15(a) although the request to add Mr. Rensin back into the complaint does not. Plaintiffs shall file their Fourth Amended Complaint within ten (10) days of the date of this Order. Defendants shall file responsive pleadings within thirty (30) days after service. Pursuant to Federal Rule of Civil Procedure 15(a) and Civil Local Rule 10-1, Plaintiffs' amended complaint will supersede the earlier complaints and must be a complete document that does not contradict nor incorporate

any part of a prior pleading by reference.

**IT IS SO ORDERED.**

Dated: November 25, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California