

FARELLA BRAUN + MARTEL LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

ANTHONY P. SCHOENBERG
aschoenberg@fbm.com
D 415.954.4963

T 415.954.4400 / F 415.954.4480
www.fbm.com

January 16, 2009

The Honorable Edward M. Chen
United States District Court
450 Golden Gate Ave., Courtroom C, 15th Floor
San Francisco, CA 94102

      Re:    *Ray v. BlueHippo Funding, LLC, et al.*
            Case No. C 06-1807 JSW EMC

Dear Judge Chen:

      The parties hereby submit for your consideration the enclosed joint letter concerning the disputes over the protective order and whether it should be amended.

                    Sincerely,

                    Anthony P. Schoenberg

APS:wpc

cc:    All Counsel

23304\1842612.1

**BlueHippo's Position:**

BlueHippo hereby requests that the Stipulated Protective Order in this matter be modified to provide that any and all material produced in discovery in this action be used solely for purposes of this litigation.[1] BlueHippo makes this request pursuant to Federal Rule of Civil Procedure 26(c)(1) and Paragraph 12 of the Stipulated Protective Order ("Order")(allowing parties to seek modifications from the Court). A true and correct copy of the Stipulated Protective Order is attached hereto as Exhibit A.

Plaintiffs' counsel has recently informed BlueHippo's counsel that he intends (voluntarily, not pursuant to subpoena or other legal requirement) to turn BlueHippo discovery materials over to one or more regulatory agencies. Plaintiffs' counsel asserts that he is permitted under the Order to do that so long as materials have not been designated as Confidential. He further asserts that he has been turning such materials over to third-parties and intends to continue to do so and that he will not agree to a modification of the Order to prevent that use.

The materials that Plaintiffs have obtained from BlueHippo in this litigation belong to BlueHippo. Plaintiff has been permitted to inspect and copy those materials pursuant to discovery privileges conferred upon them as a parties to a particular controversy. If third-parties in another action or investigation, whether regulatory agencies or otherwise, subpoena discovery materials from Plaintiffs, then obviously Plaintiffs must and should comply, subject to BlueHippo being given notice so that it can intervene and object if appropriate. What BlueHippo objects to is Plaintiffs using the privilege of discovery in this case to obtain BlueHippo discovery materials which they then *voluntarily*, and without notice, provide to third parties. That is certainly not consistent with the purpose behind the federal discovery rules.

Discovery is a privilege created for the sole purpose of resolving a dispute before a court. "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984). "Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have authority to issue protective orders conferred by Rule 26(c)." *Id.* Indeed, Rule 26(c) empowers district courts to make a wide variety of protective orders. *See* 8 Wright *et al.*, *Federal Practice and Procedure* § 2035 at 474. Among other things, a court may enter a protective order to preclude a party from using information obtained in discovery for purposes other than to prepare for trial. *See Seattle Times Co.*, 467 U.S. at 35 (affirming protective order that prohibited defendants from publishing, disseminating or using certain information obtained in civil discovery in any way except where necessary to prepare for and try the case).

A simple modification of the Stipulated Protective Order is warranted to require that materials produced in this lawsuit be used solely for purposes of the litigation. It is not uncommon for protective orders in complex civil actions to contain such provisions, and it is especially appropriate where, as here, there is reason to believe that a party is using the civil discovery rules to gather materials for law enforcement agencies or other third parties. Such a

---

[1] The Stipulated Protective Order was negotiated and signed by BlueHippo's predecessor counsel. BlueHippo's current counsel had no opportunity to participate in the drafting of its terms.

provision would not prevent any materials from seeing the light of day (*i.e.*, it would not expand the scope of documents that could be designated as Confidential or Highly Confidential), yet it would provide a safeguard against the improper use of the litigation process.  Consequently, the cases Plaintiffs cite below (and the "good cause" standard contained in those cases and cited below by Plaintiffs) are inapposite, as they address challenges to specific documents that have been kept out of the public view by, *e.g.*, being designated as "Confidential" (and, thus, subject to filing under seal and other access-restricting measures) under protective orders.  Those cases do not restrict a court's discretion to issue or modify blanket protective orders, which are "inherently subject to challenge and modification."  *See, e.g., San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1086, 1103 (9th Cir. 1999).  Here, BlueHippo is merely seeking a simple modification to a blanket protective order, and the modification BlueHippo seeks would not keep any additional documents out of the public view.

There is no question that state law enforcement officials and third-party civil litigants have adequate legal processes available to them for obtaining materials from BlueHippo should they wish to do so.[2]  It is not appropriate for Plaintiffs' counsel to circumvent those formal legal processes by simply giving documents obtained from BlueHippo in this litigation to state agencies or other third-parties at Plaintiffs' discretion, unbounded by any notions of relevance and other restrictions that apply to formal requests for discovery.  Plaintiffs are not roving, private attorneys general, and they have no governmental mandate from any governmental agency to act as such.  In the event that a state regulator or other third party subpoenas such documents, BlueHippo will have to make a showing if it objects as to why such documents should not be turned over.  Absent such process, however, Plaintiffs should not be permitted to voluntarily and without restriction disseminate discovery materials obtained in this lawsuit.  That is especially true in this case where Plaintiffs' counsel has accused BlueHippo of criminal conduct and made thinly veiled threats of contacting criminal and other regulatory authorities in what BlueHippo considers a violation of ethical restrictions that expressly preclude threats of criminal or administrative action to gain settlement leverage in a civil case.

Indeed, the failure to include such a restriction could undermine federal policies by encouraging parties to over-designate discovery materials as "Confidential."  Designation of materials as "Confidential" not only precludes dissemination to third parties but precludes the materials from being publicly disclosed even in *this* litigation by requiring their filing under seal. A party concerned that non "Confidential" discovery materials will be voluntarily turned over to third parties will be more likely to designate marginally "Confidential" materials as "Confidential." This would lead to increased disputes over document designations and increased burden on the Court in resolving those disputes.

For the foregoing reasons, BlueHippo asks that the Court modify the Stipulated Protective Order as follows: (a) omit the sentence from Paragraph 1 that states, "The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential."; (2) modify

---

[2] There is no basis for Plaintiffs' unsupported assertion that state law enforcement officials somehow lack power to issue legal process to out of state parties.

the first two sentences of Section 7.1 so that they read as follows: "A Receiving Party may use Disclosure or Discovery Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle the litigation. Any such Disclosure or Discovery Material that constitutes Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order."; (3) modify Section 8 so that it would apply where a Receiving Party receives a subpoena or order in other litigation that would compel disclosure of any Disclosure or Discovery Material (*i.e.*, not limited to material designated as Confidential or Highly Confidential).[3]

**Plaintiffs' Position:**

The Court should also deny BlueHippo's extraordinary request to amend the Stipulated Protective Order in order to prevent *information that has not been designated as confidential* from being disclosed to law enforcement officials.

The Protective Order was negotiated over a period of several weeks by Plaintiffs' counsel and counsel for BlueHippo. Gateway signed on to it when it entered the case. The agreement clearly distinguishes between information designated as "confidential" and information not so designated. The very first sentence of the agreement asserts that the parties agree that only "confidential, proprietary, or private information" required "special protection from public disclosure and from use for any purpose other than prosecuting this litigation… and the protection [the agreement] affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential." (Ex. A).

Such provisions in the protective order accord with the applicable law. "Documents and information produced during discovery are presumptively open to public disclosure unless the party opposing disclosure shows 'good cause' why a protective order is necessary. 'It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.' *Phillips v. GMC*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *quoting San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). Under Rule 26(c), for good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *see also San Jose Mercury News, Inc.*, 187 F.3d at 1102 (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document"). "If a court finds particularized harm will result from disclosure of information to the

---

[3] Plaintiffs' claim below that BlueHippo has designated "virtually every single item it has produced" as "confidential" is patently false. BlueHippo has only designated those documents as "confidential" that it believes in good faith meet the requisite standard under the Stipulated Protective Order. Many of the documents that BlueHippo has produced were not given any confidentiality designation whatsoever. In any event, there is a procedure under the Stipulated Protective Order that allows parties to challenge confidentiality designations, and Plaintiffs have not availed themselves of that procedure. *See Ex. A § 6*. Plaintiffs' claim that they are "lacking resources" to mount such challenges is belied by the substantial amount of discovery Plaintiffs have propounded and the substantial resources they have poured into fighting about that discovery, not to mention the fact that three law firms are shown on the pleadings as representing Plaintiffs.

public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips v. GMC*, 307 F.3d at 1211.

In its document production, Plaintiffs believe that BlueHippo has abused its right to designate information as confidential. BlueHippo has stamped "confidential" on virtually every single item it has produced (belying its argument that public disclosure of nondesignated material would cause overdesignation). Nevertheless, and lacking resources to challenge such overdesignation, plaintiffs have carefully abided by the Order, and have not disclosed any document produced in discovery by either Gateway or BlueHippo and designated as "confidential." Upon receipt of requests, Plaintiffs have, on the other hand, disclosed to law enforcement officials information that was not designated as confidential. [4]

On January 7, 2009, Plaintiffs received a request from the Wisconsin Attorney General's office for information. (Ex. B) Because Plaintiffs believed that the request encompassed information that BlueHippo had designated "confidential," counsel immediately informed BlueHippo of the request and of Wisconsin's promise to protect confidentiality by treating the information as if it had been produced in its action. Anticipating further such requests from the law enforcement officials,[5] plaintiffs requested that BlueHippo agree to a modification of the protective order to permit disclosure in such circumstances. (Ex. C) Instead of agreeing to disclosure of confidential materials to law enforcement officials, BlueHippo now seeks to restrict even information not designated as confidential.

BlueHippo has not provided any basis for its request that law enforcement officials be barred from access to *non-confidential* information that it produced in this case. It has cited no good cause or particularized harm whatsoever. Its motion to amend the protective order should be denied.

Instead, plaintiffs request that the protective order be amended to allow Plaintiffs to disclose information that has been designated as "confidential" to law enforcement officials upon their request and their promise to abide by the provisions of the protective order. A protective order should not act as a shield against public authorities and legitimate law enforcement requests for information. And, contrary to BlueHippo's assertion, state law enforcement officials engaged in state court or administrative proceedings do not have power to issue legal process for relevant material produced in out of state parties.

---

[4] Plaintiffs' counsel regularly consults and cooperates with law enforcement officials regarding business practices that they might be challenging in common, and has done so actively in this case. Counsel believes that such cooperation is in the interests of Plaintiffs and putative class members, as well as the public interest in informed law enforcement.

[5] The Federal Trade Commission as well as law enforcement officials in Florida, Illinois, West Virginia, Wisconsin and Maryland have brought suit or otherwise proceeded against the same business practices of BlueHippo as are challenged here. New York, Pennsylvania, Ohio, and New Jersey appear to be actively investigating the Company's disclosure and forfeiture practices.

*Ray v. BlueHippo Funding , LLC, et al.*
**Case No. C 06-1807 JSW EMC**

# EXHIBIT A

1  Edward P. Sangster (SBN 121041)
   Ramiz I. Rafeedie (SBN 215070)
2  KIRKPATRICK & LOCKHART
   PRESTON GATES ELLIS LLP
3  55 Second Street, 17th Floor
   San Francisco, CA 94102
4  Telephone: (415) 882-8200
   Facsimile: (415) 882-8220
5  E-Mail: ed.sangster@klgates.com
   E-Mail: ramiz.rafeedie@klgates.com
6
   Attorneys for Defendant
7  BLUEHIPPO FUNDING, LLC

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11 ROYLENE RAY and KELLY CANNON,        Case No. C 06-1807 JSW
12 individually and on behalf of others similarly
   situated,                          STIPULATED PROTECTIVE ORDER
13
14         Plaintiffs,

15              vs.

16 BLUEHIPPO FUNDING, LLC,

17         Defendant.

18

19

20

21

22

23

24

25

26

27

28

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.RCiv.P. 26(c).

2.4    "Highly Confidential — Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would

create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2.9.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2

### 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

### 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made through an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

3

mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify for each

4

portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL — ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or

non-party offering or sponsoring the testimony identify on the record, before the close of the

deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of

the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When

it is impractical to identify separately each portion of testimony that is entitled to protection, and

when it appears that substantial portions of the testimony may qualify for protection, the Party or

non-party that sponsors, offers, or gives the testimony may invoke on the record (before the

deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions

of the testimony as to which protection is sought and to specify the level of protection being asserted

("CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").  Only those

portions of the testimony that are appropriately designated for protection within the 20 days shall be

covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court

reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering

or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible

items, that the Producing Party affix in a prominent place on the exterior of the container or

containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected

portions, specify whether they qualify as "Confidential" or as "Highly Confidential — Attorneys'

5

Eyes Only."

        5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys'

Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

this Order for such material. If material is appropriately designated as "Confidential" or "Highly

Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

on timely notification of the designation, must make reasonable efforts to assure that the material is

treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens,

or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge

a confidentiality designation by electing not to mount a challenge promptly after the original

designation is disclosed.

        6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's

confidentiality designation must do so in good faith and must begin the process by conferring directly

(in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the

Designating Party. In conferring, the challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an opportunity to

review the designated material, to reconsider the circumstances, and, if no change in designation is

offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next

stage of the challenge process only if it has engaged in this meet and confer process first.

        6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality

designation after considering the justification offered by the Designating Party may file and serve a

6

1  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

2  identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion

3  must be accompanied by a competent declaration that affirms that the movant has complied with the

4  meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity

5  the justification for the confidentiality designation that was given by the Designating Party in the

6  meet and confer dialogue.

7      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

8  Until the court rules on the challenge, all parties shall continue to afford the material in question the

9

10  level of protection to which it is entitled under the Producing Party's designation.

11  **7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

12      7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

13  produced by another Party or by a non-party in connection with this case only for prosecuting,

14  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

15  categories of persons and under the conditions described in this Order. When the litigation has been

16  terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

17  DISPOSITION).

18

19      Protected Material must be stored and maintained by a Receiving Party at a location and in a

20  secure manner that ensures that access is limited to the persons authorized under this Order.

21      7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the

22  court or permitted in writing by the Designating Party, a Receiving Party may disclose any

23  information or item designated CONFIDENTIAL only to:

24

25      (a) the Receiving Party's Outside Counsel of record in this action, as well as

26  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

27  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

28                                                         7

hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

8

hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or the original source of the information.

7.4  Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in this litigation.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused

9

the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving

10

Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

       12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: October 24, 2007                    _____/s/_____
                                            David J. Marshall
                                            Attorneys for Plaintiffs


DATED: October 24, 2007                    _____/s/_____
                                            Ramiz I. Rafeedie
                                            Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____October 25, 2007_____          _____
                                            HON. JEFFREY S. WHITE
                                            United States District Judge

12

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type

full address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Northern

District of California on [date] in the case of *Ray, et al., v. BlueHippo Funding, LLC,* Case No. 06-

1807-JSW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.


Date: _____


City and State where sworn and signed: _____


Printed name:

[printed name]

Signature:

[signature]

13

*Ray v. BlueHippo Funding , LLC, et al.*
Case No. C 06-1807 JSW EMC

# EXHIBIT B



**STATE OF WISCONSIN
DEPARTMENT OF JUSTICE**

J.B. VAN HOLLEN
ATTORNEY GENERAL

Raymond P. Taffora
Deputy Attorney General

17 W. Main Street
P.O. Box 7857
Madison, WI 53707-7857
www.doj.state.wi.us

Lara Sutherlin
Assistant Attorney General
sutherlinla@doj.state.wi.us
608/267-7163
FAX 608/267-2778

January 7, 2009

*VIA Email and First Class Mail*
Gary Peller, Esq.
600 New Jersey Avenue, N.W.
Washington, D.C. 20001

     Re:    *State of Wisconsin v. BlueHippo Funding LLC, BlueHippo Capital LLC,*
            and *Joseph Rensin,* Case No. 07-CX-68

Dear Mr. Peller:

    As you are aware, the State of Wisconsin filed suit against BlueHippo Funding, LLC, BlueHippo Capital, LLC, and Mr. Joseph Rensin alleging violations of Wisconsin's consumer protection laws. I am writing to request copies of any documents you have which may be relevant to the factual allegations contained in paragraphs 22-67 of the attached Amended Complaint, and in particular, documents relevant to Mr. Rensin's knowledge, participation, or awareness of those factual allegations.

    The State of Wisconsin would treat any documents deemed confidential in other proceedings as if they had been produced in the above-captioned case, and subject to its stipulated protective order therein. In addition, the State of Wisconsin can provide reimbursement for the cost of copying any documents.

    Thank you for your immediate attention to this request.

                      Sincerely,

                      Lara Sutherlin
                      Assistant Attorney General
                      Consumer Protection Unit

Enclosure

*Ray v. BlueHippo Funding , LLC, et al.*
Case No. C 06-1807 JSW EMC

# EXHIBIT C

## Schoenberg, Tony (28) x4963

Subject: Re: Ray v. BlueHippo
Date: Wednesday, January 7, 2009 12:47 PM
From: Gary Peller <peller@law.georgetown.edu>
To: <BWisoff@fbm.com>, "'TSchoenberg@fbm.com'" <TSchoenberg@fbm.com>
Cc: David Marshall <marshall@kmblegal.com>, 'Maura Dundon' <Dundon@kmblegal.com>,
"'rbramson@bramsonplutzik.com'" <rbramson@bramsonplutzik.com>
Conversation: Ray v. BlueHippo

Brandon:

Plaintiffs have received a request for information from the Wisconsin Attorney General.  Some of the information
requested was designated confidential.  I am writing to request that BlueHippo authorize Plaintiffs to release the
information to that office.  They have agreed to treat the information as if it had been designated confidential in
that proceeding and was therefore subject to the protective order agreed to in that case.  Because we expect to
receive similar requests in the near future, plaintiffs also request that the parties consider amending the order to
allow disclosure on these terms to other law enforcement officials involved in state court or administrative
proceedings.

Regards,
Gary Peller