UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLENE RAY, *et al.*, | No. C-06-1807 JSW (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE PARTIES' JOINT LETTER OF JANUARY 16, 2009 (MODIFICATION OF PROTECTIVE ORDER)** |
| BLUEHIPPO FUNDING, LLC, *et al.*, | |
| Defendants. | **(Docket No. 245)** |
| _____/ | |

The parties have submitted a joint letter to the Court regarding a dispute over whether the protective order in the case should be modified. BlueHippo asks that the protective order be modified such that all discovery materials, whether or not designated confidential, be limited to use for purposes of this litigation only. Plaintiffs would therefore be barred from disclosing nonconfidential discovery materials to regulatory agencies investigating BlueHippo. In turn, Plaintiffs ask that the protective order be modified so that they are free to disclose information specifically designated as confidential "to law enforcement officials upon their request and their promise to abide by the provisions of the protective order." Joint Letter at 4. Having reviewed the joint letter and accompanying submissions, the Court **DENIES** each party's request for modification.

BlueHippo's request for modification is not warranted because the Ninth Circuit has indicated that "'[a] party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal. The federal rules do not themselves limit the use of discovery documents or information.'" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

F.3d 1122, 1128 n.1 (9th Cir. 2003) (quoting *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 683-84 (5th Cir. 1985)); *see also Harris*, 768 F.2d at 684 ("If the party from whom discovery is sought shows 'good cause,' the presumption of free use dissipates, and the district court can exercise its sound discretion to restrict what materials are obtainable, how they can be obtained, and what use can be made of them once obtained.").

Moreover, the Ninth Circuit has indicated that, for any restriction in use -- such as a limitation to use for purposes of the pending litigation only -- there must be a showing of good cause by the party seeking the restriction. *See Foltz*, 331 F.3d at 1131 (addressing a blanket protective order similar to that sought by BlueHippo in the instant case -- *i.e.*, a protective order that barred each party from disclosing any information produced in discovery absent permission from the other party or the district court; concluding that, because a third-party intervenor was now challenging "the contention that the unfiled discovery documents belong under seal, the district court must require [the defendant] to make an actual showing of good cause for their continuing protection under Federal Rule of Civil Procedure 26(c)"). In the instant case, BlueHippo has made no showing of good cause.[1] BlueHippo suggests that, if Plaintiffs are free to turn over nonconfidential documents that they have obtained through discovery in this case, then the regulatory agencies will be getting information that may not even be relevant to their investigations. *See* Joint Letter at 2. While the Court is not entirely unsympathetic to BlueHippo's position, the good cause standard requires that BlueHippo show "*specific* harm or prejudice that it expects will arise from disclosure." *Foltz*, 331 F.3d at 1131 (emphasis added). This BlueHippo has not done.

///
///
///
///
///
///

---

[1] In fact, BlueHippo seems to believe that the good cause standard is not applicable at all to the situation at hand. The Court reads *Foltz* as holding to the contrary.

2

As for Plaintiffs' request for modification, it is also denied. Any attempt to obtain documents classified as "confidential" under the protective order will not be considered for release to a third party absent some affirmative step by that party to seek such release and making a sufficient showing of need. *See generally Foltz*, 331 F.3d at 1122; *see also Massachusetts v. Mylan Labs., Inc.*, 246 F.R.D. 87, 91 (D. Mass. 2007).

This order disposes of Docket No. 245.

IT IS SO ORDERED.

Dated: January 21, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge