Mary E. Alexander (SBN: 104173)
MARY ALEXANDER & ASSOCIATES, P.C.
44 Montgomery Street Suite 1303
San Francisco CA 94104
Tel: (415) 433-4440
Fax: (415) 433-5440

William B. Federman
Jennifer F. Sherrill
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560
(405) 239-2112

Attorneys for Movant Julio Estrada

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLENE RAY, et al.,<br><br>    Plaintiffs<br><br>vs.<br><br>BLUEHIPPO FUNDING, LLC, et al.,<br><br>    Defendants. | Case No. C 06-1807 JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Preliminary Approval Hrg. Date: May 22, 2009<br>Time: 9:00 a.m.<br>Location: Courtroom 11, Hon. Jeffrey S. White<br>Trial: February 1, 2010 |

Case No. C 06-1807 JSW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

BRIEF IN SUPPORT .................................................................................................................. 5

    I.      INTERVENTION OF RIGHT ................................................................................. 6

          A.      Timeliness ................................................................................................. 6

          B.      The Intervenor's Interest ......................................................................... 7

          C.      Impairment of Interest ............................................................................. 8

          D.      Adequacy of Representation ................................................................. 11

    II.     PERMISSIVE INTERVENTION ......................................................................... 12

    III.    THE NOTICE TO CLASS MEMBERS SHOULD BE REVISED .......................... 12

CONCLUSION ......................................................................................................................... 13

Case No. C 06-1807 JSW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT

# TABLE OF AUTHORITIES

**CASES**

*Arakaki v. Cayetano,* 324 F.3d 1078, 1083 (9th Cir. 2003) .................................................... 6, 7

*Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998) .............................................. 7, 11, 12

*Sanguine, Ltd. v. United States Dep't of Interior,* 736 F.2d 1416, 1418 (10th Cir. 1984) ....................................................................................................................................... 6

*Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993) ........................................................ 7

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) ................................................................................................................................. 8, 11

Case No. C 06-1807 JSW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT

In support of his Motion to Intervene to stay action and his objection to the preliminary approval of settlement, Movant Julio Estrada respectfully states as follows:

**INTRODUCTION**

1. Counsel for Movant filed a nation-wide class action styled *Robbins v. BlueHippo Funding, LLC*, *et al*. on January 23, 2007 against Defendants BlueHippo Funding, LLC and BlueHippo Capital, LLC (collectively "BlueHippo" or "Defendants") in the State of Oklahoma. This action was removed by BlueHippo to the United States District Court for the Northern District of Oklahoma, case No. 07-CV-145-TCK-TLW (the "National Action") [Dkt. No. 2][1]. A Motion for Leave to File Amended Complaint was filed on April 22, 2009. [Dkt. No. 63] *See* proposed Complaint attached hereto as Exhibit A to the Declaration of Jennifer F. Sherrill in Support of Motion to Intervene ("Sherrill Decl."). The Plaintiff in the National Action alleged that Defendants violated various consumer protection statutes due to their business practices of debiting consumer's bank accounts without authorization and failing to deliver the product purchased. The Plaintiff in the National Action seeks redress under the Electronic Funds Transfer Act (5 U.S.C. § 1693a(6) and (11)), the Nevada Consumer Protection Act (Nev. Rev. Stat. § 598.0903 *et. seq.*), the Maryland Consumer Protection Act (Md. Code Ann., Com. Law § 13-301) and for unjust enrichment.

2. On January 25, 2008, the parties to the National Action participated in the first of several agreed mediations before Adjunct Settlement Judge Oliver Howard. At that mediation, Defendants expressed a desire to engage in negotiations which would result in a nation-wide class action settlement. The parties agreed to suspend the mediation in order to exchange settlement proposals. Sherrill Decl. ¶ 8.

---

[1] The Docket numbers refer to the docket number of the documents filed in *Robbins v. BlueHippo Funding, LLC, et al.*, N.D. Okla. Case No. 07-CV-145.

Case No. C 06-1807 JSW

3. On February 5, 2008, the National Action Plaintiff submitted a letter to Defense counsel containing an initial settlement proposal consisting of: 1) identification of class members, 2) proposed relief to the class, and 3) various corporate changes. Sherrill Decl. ¶ 9.

4. On April 1, 2008, the parties met in person in Dallas, Texas in an attempt to resolve the litigation. The parties engaged in a substantive discussion on the terms by which a settlement could be reached. Sherrill Decl. ¶ 10.

5. Over the intervening months, the parties engaged in back and forth negotiations, and eventually agreed upon the major terms of a settlement agreement, with a few minor issues to be resolved. Sherrill Decl. ¶ 11.

6. Throughout this time, the parties maintained contact with Adjunct Settlement Judge Howard and kept him advised of the progress of the negotiations. Sherrill Decl. ¶ 12.

7. On December 15, 2008, the parties again met with Adjunct Settlement Judge Howard to resolve the remaining issues. In attendance were Andrew Campbell, General Counsel for BlueHippo, as well as its attorneys and attorneys for the National Action Plaintiff.[2] During this settlement conference, the remaining issues were resolved, and the National Action Plaintiff's counsel left the conference with the understanding that the parties had reached a full and final settlement of all remaining issues. Counsel for the Defendants subsequently circulated a Stipulation of Settlement incorporating the agreements reached at the December 15, 2008 conference. Sherrill Decl. ¶ 13.

8. On December 18, 2008, Magistrate Judge Paul J. Cleary (U.S.D.C. N.D. Okla.) filed a Settlement Conference Report stating that "[p]er the advice of Adjunct Settlement Judge Oliver S. Howard, the parties have reached settlement subject to the Court's approval of the

---

[2] Corey Dukelow, co-counsel for Plaintiff, appeared in person. William B. Federman, also co-counsel for Plaintiff, appeared via telephone.

Case No. C 06-1807 JSW    2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT

terms of the settlement." [Dkt. No. 54]  Neither party filed any pleading to correct or object to the filed Settlement Conference Report.  *See*, Conference Report, Sherrill Decl. Exhibit B.

9. On February 24, 2009, counsel for the parties attended a conference call requested by Magistrate Judge Cleary to ascertain why the appropriate papers to approve the settlement had not been filed.  Counsel for Defendants stated that an agreement had been reached, and represented that they were concerned that the proposed class representatives for one of the two subclasses may not withstand objection or Court scrutiny because of some unknown, perceived deficiencies.  Magistrate Judge Cleary ordered the Defendants to provide the National Action Plaintiff's counsel with a list of all Class Members by March 6, 2009. Sherrill Decl. ¶ 14.

10. On March 2, 3009, counsel for the National Action Plaintiff provided defense counsel with a list of individuals whom they believed were suitable representatives for the proposed subclass at issue.  Defendants did not respond.  Sherrill Decl. ¶ 15.

11. On March 6, 2009, at approximately 3:10 p.m., counsel for Defendants produced a list of Class Members who reside in Oklahoma.  Sherrill Decl. ¶ 16.

12. At the end of the day on March 6, 2009, at approximately 5:04 p.m., counsel for Defendants circulated a letter drafted by the General Counsel for BlueHippo attempting to repudiate the settlement.  *See*, letter, Sherrill Decl. Exhibit C.  The March 6, 2009 letter stated Defendants' position that no settlement had been reached.

13. On March 9, 2009 during a subsequent conference call conducted by Magistrate Judge Cleary with counsel for all parties, Adjunct Settlement Judge Howard represented to the Court that the parties had reached a settlement of this action on December 15, 2008.  Sherrill Decl. ¶ 17.

14. In January 2009, the parties circulated a final Stipulation of Settlement; however,

Case No. C 06-1807 JSW                    3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT

Defendants have not signed same.  *See*, Stipulation of Settlement, Sherrill Decl. Exhibit D.[3]

15. The Stipulation of Settlement in the National Action provides for the following:

   a. A settlement on behalf the following nation-wide class:

   All persons or entities throughout the United States who made payments to BlueHippo on or before July 31, 2007 for the purchase of a computer and neither received a computer nor a refund of such payments pursuant to the terms of the refund policy governing their purchase, or otherwise reached a settlement with BlueHippo relating to his or her account, for any reason whatsoever, including default or cancellation.  Within this Class, there will be two subgroups as follows:[4]

   1. Each Class Member who ordered a computer from BlueHippo on or before February 28, 2006, and did not receive a computer; and

   2. Each Class Member who ordered a computer between March 1, 2006 and July 31, 2007, and did not receive a computer.

   *See*, Sherrill Decl. Exhibit D at I.T.

   b. Relief for the members of the first subclass consisting of a refund of all payments made by that class member to BlueHippo, plus $25, minus any amount paid to that class member in accordance with the settlement made with the Federal Trade Commission. *Id.* at V.A.

   c. Relief for the members of the second subclass consisting of (a) store credit equal to 125% of the total amount paid by that Class Member to BlueHippo, minus any amount paid to that Class Member in accordance with the settlement made with the Federal Trade Commission; or (2) a refund of all

---

[3] This is the second time that BlueHippo has tried to go to other counsel and arrange a settlement while in negotiations with counsel in the National Action.  Previously, BlueHippo tried to enter into a national settlement in a case pending in the Eastern District of Arkansas (Williams et al. v. BlueHippo Finding, LLC, Case No. 07-CV-662). The Court denied the Motion to Approve the settlement agreement on two occasions.

[4] The subgroups were created because of litigation initiated by the Federal Trade Commission against BlueHippo, U.S.D.C. S.D.N.Y. Case No. 08-cv-1819.

Case No. C 06-1807 JSW                         4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT

payments made by that Class Member to BlueHippo minus a $125 termination fee and minus any amount paid to that Class Member in accordance with the settlement made with the Federal Trade Commission. *Id.* at V.B.

d. A dispute resolution process under the supervision of a Special Master. *Id.* at IV.E.

16. On March 9, 2009, Counsel for the Plaintiff in the National Action filed a Motion to Enforce Settlement Agreement. [Dkt. No. 58] *See*, Motion to Enforce, Sherrill Decl. Exhibit E. The Motion to Enforce has been fully briefed. Subsequently, counsel filed a Motion for Leave to File a First Amended Complaint. [Dkt. No. 63] The proposed Amended Complaint contains the class structure outlined in the Stipulation of Settlement and seeks to add individuals to act as Class Representatives for each subclass. *See* Sherrill Decl. Exhibit A.

17. Movant Estrada is a member of the proposed Class the instant action. *See*, Declaration of Julio Estrada.

Accordingly, Movant respectfully requests that this Court grant his Motion to Intervene and stay the current action until such time as the Federal Court rules on the pending Motion to Enforce Settlement Agreement.

**BRIEF IN SUPPORT**

Movant is seeking the right to intervene in the instant action in order to impose a brief stay while the Northern District of Oklahoma Court considers the pending Motion to Enforce. Movant believes that a preliminary approval of the proposed settlement in this case, and Notice to putative class members of same, may prejudice the rights of the absent class members to participate in the settlement agreement proposed in the National Class. In the alternative, if the Court decides to preliminarily approve the proposed California settlement, Movant requests that the form of the Notice be changed so class members will be advised of the pending National

Action, the Motion to Enforce filed in the National Action, and the relief contained in the proposed National Action settlement.

## I. INTERVENTION OF RIGHT

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that a person or entity seeking to intervene in pending litigation has a right to intervene in an action when "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The United States Court of Appeals for the Ninth Circuit has found that under Rule 24(a)(2) the following prerequisites are necessary to justify an intervention of right:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano,* 324 F.3d 1078, 1083 (9th Cir. 2003).

### A. Timeliness

The timeliness of a motion to intervene is assessed "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the exiting parties, prejudice to the applicant, and the existence of any unusual circumstances." *Sanguine, Ltd. v. United States Dep't of Interior,* 736 F.2d 1416, 1418 (10th Cir. 1984) (citations omitted).

Movant filed this motion subsequent to the filing of the Motion for Preliminary Approval of the proposed settlement, and prior to the hearing on the Motion for Preliminary Approval. The proposed settlement has not yet been approved, even preliminary, by the Court. Further, no

Case No. C 06-1807 JSW                                6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT

Notice to putative Class Members has been issued.  None of the existing parties will be materially prejudiced by the intervention of Movant and a brief stay of the action while the Motion to Enforce is pending in the National Action.  There have been no hearings on the proposed settlement in this matter. An intervention by Movant at this time would not only be timely, but in the interests of justice for the citizens of the State of California.

### B. The Intervenor's Interest

The second criteria used to evaluate a request for intervention weighs the applicant's claimed interest in the subject matter of the lawsuit.  A movant has a significantly protectable interest when "the interest is protectable under some law" and there is a relationship between that interest and the claims at issue.  *Arakaki*, 324 F.3d at 1083; *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993).  Movant has an undeniable interest in this suit as he is a putative Class Member. He is also a putative Class Member of the class proposed in the National Action.  It is the function of the Courts to ensure that proposed class representative are fulfilling their duties to protect the interests of the absent class members.

A movant satisfies the relationship requirement if the resolution of the claims will affect him.  *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998)    In this action, the resolution of the pending settlement affects Movant's ability to recover under the proposed settlement versus being able to recover under the settlement proposed in the National Action.  Movant argues that the current action should be stayed pending the resolution of the Motion to Enforce Settlement Agreement pending in the National Action.  If the Motion to Enforce is granted, and a nation-wide settlement moves forward, this Court could consider the settlement in the National Action in a subsequent approval hearing.  It could even be possible that both settlements could move forward and California residents could choose which settlement to participate in depending on their individual circumstances.

Case No. C 06-1807 JSW                              7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA
TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL
OF SETTLEMENT

### C. Impairment of Interest

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes.)

The proposed settlement in the instant action proposes the following relief: (1) the certification of a class consisting of California residents who made a payment to BlueHippo on or before August 15, 2008, but had not received their merchandise;[5] and (2) $1.8 million to be distributed to the class members on a pro rata basis, with an estimation that each Class Member will recover approximately 40-45% of what they paid to BlueHippo. This is in contrast to the relief in the Settlement Agreement in the National Action, described above. Under the terms of the National Settlement Agreement, a class member has the potential to recover more than 40-45% of what was paid to BlueHippo. For example, those in Subclass 1 to the National Action Settlement will receive more than 100% of the payments made to BlueHippo.

The Stipulation of Settlement in the National Action was the result of lengthy, arms-length negotiations between the parties with the assistance of a well-respected mediator. In crafting the settlement, the parties accounted for the settlement reached between BlueHippo and the United States Federal Trade Commission ("FTC") in litigation brought against BlueHippo by the FTC (U.S.D.C. S.D.N.Y. Case No. 08-cv-1819). The FTC settlement provides for restitution to consumers who had made any payment to BlueHippo on or before February 28, 2006, but had not received a computer or a full refund of their payments. The National Action settlement accounts for the restitution provided to these consumers through the

---

[5] California residents who were current on their scheduled payments as of December 31, 2008 are not Class Members.

Case No. C 06-1807 JSW          8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT

FTC settlement. Pursuant to the National Action Settlement, consumers who purchased a computer from BlueHippo on or before February 28, 2006 ("Subclass 1") will be required to participate in the FTC settlement. However, if, for some reason they should not receive full restitution through the FTC settlement, the National Action Settlement provides for full restitution. Further, in consideration for releasing BlueHippo from further liability, the members of Subclass 1 will receive an additional payment of $25.00.

In contrast, the settlement proposed in the instant action does not account for individuals entitled to recover under the FTC settlement. It is unclear whether the Subclass 1 members will not receive anything under the proposed settlement, or whether they will receive both full restitution from the FTC settlement, and additional payments under the proposed settlement. The proposed settlement in the instant action merely provides for a pro-rata share of a $1.8 million settlement fund. Should the Subclass 1 members recover under both the FTC settlement and the proposed settlement before the Court, this reduces the amount of the fund that is available for the individuals who purchased a computer after February 28, 2006.

The National Action Settlement does not create such a conflict between groups, since it is divided into separate Subclasses, with proposed representatives for each Subclass.

For individuals who purchased a computer after February 28, 2006 ("Subclass 2") the National Action Settlement provides for a choice of: (1) store credit equal to 125% of the total amount paid by that Class Member to BlueHippo or (2) a refund of all payments made by that Class Member to BlueHippo minus a $125 termination fee. The National Action Settlement thus allows a Subclass member to potentially recover more than the value of the payments made, if that individual wishes to choose store credit. In the alternative, a member of Subclass 2 could choose a refund of payments, minus the $125 termination fee contained in the original contract signed with BlueHippo.

Case No. C 06-1807 JSW                               9
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA
TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL
OF SETTLEMENT

Again, under the settlement agreement under consideration in this action, Subclass 2 members will be entitled to their pro-rata share of the $1.8 million settlement fund. Pursuant to the papers filed with the Court, the parties estimate that class members would be entitled to receive 40-45% of the amount paid to BlueHippo. However, if an individual were to recover pursuant to the terms of the National Action Settlement, the recovery could potentially be greater. For example, the following chart represents potential recoveries under the two settlement proposals.

| Amount paid to BlueHippo | Potential Recovery under California Settlement | Potential Recovery under National Action Settlement |
| --- | --- | --- |
| $1000 | $400-$450 | $875 |
| $500 | $200-$225 | $375 |
| $250 | $100-$112.50 | $125 |

Therefore, the potential recovery for class members is not the same under the two settlement proposals. The National Action proposed settlement provides greater, or better, relief to the class members. Should the settlement be preliminarily approved in this case, as currently proposed, putative class members will receive notice of the settlement but will not be made aware of the pending Motion to Enforce in the National Action, and will not be made aware of the possibility of a better recovery under a different settlement scheme. Should the Motion to Enforce be granted, California class members may be precluded from participating in the National Action Settlement, even though their recovery would have been greater.

Finally, the National Action Settlement also provides for a dispute resolution process under the supervision of a Special Master; this settlement does not.

### D. Adequacy of Representation

Finally, Movant's interests are not adequately represented by the existing parties. In

Case No. C 06-1807 JSW                              10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT

determining the adequacy of representation, the courts consider:

> (1) Whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Southwest Center*, 268 F.3d at 822. The burden of showing inadequacy is "minimal" – a movant need only show that the representation "may be inadequate." *Id.* at 823.

Clearly the current parties cannot adequately represent the interests of absent class members. The current plaintiffs are seeking preliminary approval of a settlement agreement that is intended to be an end-run around the settlement in the National Action. The parties to this action apparently have no interest in supporting or even advising potential class members of an opposing settlement proposal negotiated by different counsel. Movant seeks to protect the ability of the absent class members to participate in a settlement which could offer greater relief. The disposition of this matter could affect the interests of thousands of California citizens whose interests are not currently represented.

Movant has met his burden of showing he is entitled to intervene as of right, especially since the requirements are generally interpreted "broadly in favor of intervention." *Donnelly*, 159 F.3d at 409. Therefore, Movant respectfully requests that he be allowed to intervene and enter a stay in this action pending the resolution of the Motion to Enforce currently pending in the National Action.

## II. PERMISSIVE INTERVENTION

Pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure, anyone may be permitted to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." Permissive intervention is appropriate if: (1) [movant] shares a common question of law or fact with the main action; (2) [movant's] motion is

Case No. C 06-1807 JSW 11

timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly*, 159 F.3d at 412. Movant has presented sufficient argument for the Court to grant an intervention of right in this matter. However, should the Court find that the facts do not warrant an intervention of right, Movant respectfully requests that, in the alternative, the Court grant permissive intervention in this matter.

### III.   THE NOTICE TO CLASS MEMBERS SHOULD BE REVISED

In the event that the Court does not stay the action and provisionally approves the proposed settlement, the Notice to the Class Members should be revised. The Class Members should be made aware of the National Action and the pending Motion to Enforce. They should also be made aware of the terms in the proposed National Action Settlement. If the Class Members remain uninformed of the National Action, they will be unable to make an informed decision about whether to accept the proposed settlement, or whether they should object to the settlement or opt out of the settlement. It is in the best interest of the Class Members to provide them with all relevant information so that they may make a completely informed decision with regard to the settlement.

### CONCLUSION

For the foregoing reasons, the Court should grant this Motion to Intervene filed on behalf of Movant and the absent class members in this matter. Should this Motion to Intervene be granted, the Court should enter a stay in this action until such time as the United States District Court for the Northern District of Oklahoma rules on the pending Motion to Enforce Settlement Agreement in the National Action. In the alternative, if the Court denies this Motion, or otherwise preliminarily approves the pending settlement, the Notice should be revised to make class members aware of the National Action and the pending Motion to Enforce, and the superior terms contained in the proposed settlement of the National Action.

Case No. C 06-1807 JSW                                                  12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT

Dated: May 15, 2009                          Respectfully submitted,

By:      /s/ Mary E. Alexander
Mary E. Alexander (SBN: 104173)
**MARY ALEXANDER & ASSOCIATES**
44 Montgomery Street Suite 1303
San Francisco CA 94104
(415) 433-4440
(415) 433-5440 (Facsimile)
malexander@maryalexanderlaw.com

William B. Federman, OBA No. 2853
Jennifer F. Sherrill, OBA No. 19703
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania
Oklahoma City, OK  73120
405-235-1560
405-239-2112 (Facsimile)
wbf@federmanlaw.com
jfs@federmanlaw.com

Cornelius P. Dukelow, OBA No. 19086
**ABINGTON INTELLECTUAL
PROPERTY LAW GROUP, PC**
10026-A S. Mingo Road, No. 240
Tulsa, Oklahoma 74133-5700
918.588.3400 (*telephone*)
cdukelow@abingtonlaw.com

*Attorneys for Movant Julio Estrada*

Case No. C 06-1807 JSW                          13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JULIO ESTRADA TO INTERVENE TO STAY ACTION, AND MOVANT'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT